IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TRAVIS BATTEN, an individual,

        Plaintiff,

   v.

ILLINOIS NATIONAL INSURANCE
COMPANY, a corporation,

        Defendant.

Case No. 1:18-cv-00676-MC

**OPINION & ORDER**

**MCSHANE, Judge**:

      Plaintiff Travis Batten was involved in a car accident while traveling for work in a rental car in Louisiana. His employer was Erickson Incorporated, an Oregon business. Pl.'s Decl. Ex. 2 ¶ 3, ECF No. 30. The insurance policy of the Louisiana driver who struck Plaintiff provided for vehicle liability coverage of $20,000, the required Louisiana statutory minimum. Pl.'s Decl. Ex. 6 ¶ 7. This amount is less than Oregon's statutory minimum of $25,000. Therefore, Mr. Griffin was an uninsured motorist ("UM") under Oregon law. ORS §§ 806.070, 742.500(5).

1 –OPINION & ORDER

At the time of the accident, Erickson had an automobile insurance policy through Defendant Illinois National Insurance Company ("Illinois National"). Pl.'s Decl. Ex. 1 at 2. Plaintiff believes he is entitled to UM coverage under this policy because Oregon law requires it. Defendant disagrees. Defendant and Plaintiff have filed cross motions for summary and partial summary judgment. *See* ECF Nos. 25, 30. Because Oregon law requires coverage of the rental under the policy's UM coverage, Plaintiff's Motion for Partial Summary Judgment, ECF No. 30, is GRANTED and Defendant's Motion for Summary Judgment, ECF No. 25, is DENIED.

## STANDARD OF REVIEW

The Court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The Court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting Fed. R. Civ. P. 56(e)).

## DISCUSSION

Normally, interpretation of an insurance policy requires the Court to determine the intentions of the parties. *Hoffman Constr. Co. of Alaska v. Fred S. James & Co. of Or.*, 313 Or. 464, 469 (1992). "The first aid to interpretation is determining whether the term at issue has a *plain*

meaning. . . . If so, the parties' intent conclusively is established, and our interpretive inquiry is at an end." *Groshong v. Mut. Of Enumclaw Ins. Co.*, 329 Or. 303, 308 (1999) (citing *Hoffman*, 313 Or. at 469–71). "The text of the policy includes any definitions of disputed terms included in the policy; we must, in fact, construe the policy *in accordance with any such definitions*." *Andres v. Am. Std. Ins. Co. of Wis.*, 205 Or. App. 419, 423 (2006) (emphasis added) (citing *Hoffman*, 313 Or. at 469–70).

If the plain language of the policy controlled, neither the rental car nor Plaintiff would be covered. For uninsured motorist coverage, Illinois National had to "pay all sums the *'insured'* is legally entitled to recover as compensatory damages from the owner or driver of an 'uninsured motor vehicle.'" Stufflet Decl. Ex. 5 at 175, ECF No. 27. Illinois National's policy defines a Named Insured, who is a corporation, as follows:

> Anyone "occupying" a *covered* auto or a temporary substitute for a covered "auto". The covered auto must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

*Id.* at 176 (emphasis added).

The rental car that Plaintiff was a passenger in at the time of the accident was not a vehicle owned by Erickson. Pl.'s Decl. Ex. 3 ¶¶ 3–5. It was also not a temporary substitute vehicle for an "Owned Auto." Verfurth Decl. Ex. 2 at 3, ECF No. 28., Because the rental car is neither an automobile owned by Erickson or a temporary replacement automobile, pursuant to the plain language of the policy, Plaintiff is not an "insured" entitled to uninsured motorist coverage. *See* Stufflet Decl. Ex. 5 at 175. Plaintiff conceded this point at oral argument and within their motion. *See* Pl.'s Mot. for Partial Summ. J. 7 ("*On the other hand, the policy language appears to set forth*

*that the [uninsured motorists] coverage is limited to Erickson's 'Owned 'Autos' Only.'"* (citing Pl's Decl. Ex. 1 at 2, 49) (emphasis in original)).

The only question then becomes whether Erickson's policy with Illinois National violates protections for uninsured motorists under Oregon law.

**I.      Oregon's Uninsured Motorist Coverage Law**

Oregon requires "all motor vehicle liability policies to include 'uninsured motorist coverage.'" *Mid-Century Ins. Co. v. Perkins*, 209 Or. App. 613, 621 (2006) (citation omitted). Importantly, "[a]ny [uninsured motorist] provisions that are less favorable to an insured than those required under ORS 742.504(1) to (12) are unenforceable against an insured in Oregon." *Erickson v. Farmers Ins. Co. of Or.*, 331 Or. 681, 685 (2001). Simply put, if the terms of the policy are less favorable than required by Oregon statute, they are subsequently unenforceable. *See* ORS § 742.504 ("Every policy required to provide the coverage specified in ORS § 742.502 shall provide uninsured motorist coverage that in each instance is *no less favorable in any respect* to the insured or the beneficiary than if the following provisions were set forth in the policy." (emphasis added)). Under this legal framework, Plaintiff is entitled to coverage based on the definitions in ORS § 742.504(2)(c)(C)[1] and § 742.504(2)(d)(A).[2]

Defendant contends that it is not a violation of Oregon law for the policy to classify vehicles under the liability coverage and UM coverage differently. Def.'s Reply in Supp. for Summ. J. 7,

---

[1] ORS § 742.504(2)(c)(C) provides:
  "Insured," when unqualified and when applied to uninsured motorists coverage, means . . . Any other person while occupying an insured vehicle, provided the actual use thereof is with the permission of the named insured.
[2] "Insured vehicle" is defined as follows:
  "Insured vehicle" . . . means . . . the vehicle described in the policy or a newly acquired or substitute vehicle as each of those terms is defined in the public liability coverage of the policy, insured under the public liability provisions of the policy[.]
ORS § 742.504(2)(d)(A).

ECF No. 33. Essentially, they argue that when the statute states "the vehicle described in the policy," that means the vehicle described in the uninsured motorist coverage. *Id.* (citing ORS § 742.504(2)(d)(A)).

Even so, "the term 'coverage' is not synonymous with the term 'policy.'" *Bergmann v. Hutton*, 337 Or. 596, 604 (2004). For UM coverage, an insured vehicle is defined as "the vehicle described in the policy . . . as . . . *defined in the public liability coverage of the policy, insured under the public liability provisions of the policy*." ORS § 742.504(2)(d)(A) (emphasis added). Here, the public liability portion of the policy covers "Any Auto" (Symbol 1). *See* Pl.'s Decl. Ex. 1 at 2, 49–51. "Any Auto" (Symbol 1) is defined as "those 'autos' [which Erickson may] lease, hire, *rent*, or borrow." *Id.* (emphasis added). Erickson acquired the rental vehicle involved in the accident through their corporate account with Avis. Pl.'s Decl. Ex. 3 ¶¶ 3–5. Accordingly, based on the definition in ORS § 742.504(2)(d)(A), the rental car involved in the accident was an insured vehicle.

Subsequently, ORS § 742.504(2)(c)(C) defines an "insured" as a "person . . . occupying an insured vehicle . . . with the permission of the named insured." Erickson was the named insured within the policy, Stufflet Decl. Ex. 5 at 175–76, and gave permission to Plaintiff to use the rental car while traveling in Louisiana. Pl.'s Decl. Ex. 3 ¶¶ 3–5, 7. Because Plaintiff was traveling in an insured vehicle with permission from the named insured, Plaintiff is now the insured. ORS § 742.504(2)(c).

Oregon law requires reciprocal coverage for motor vehicle liability and uninsured motorist coverage. ORS §§ 742.504(2)(c)(C), 742.504(2)(d)(A); *see also Mid-Century*, 209 Or. App. at 621 ("Oregon law has mandated that all motor vehicle liability policies include uninsured motorist

coverage." (citations and quotations omitted)). Because the policy between Erickson and Illinois National violates Oregon's UM coverage law, the policy is unenforceable and Plaintiff is entitled to UM coverage.[3] ORS § 742.504; *Erickson*, 331 Or. at 685.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment, ECF No. 30, is GRANTED and Defendant's Motion for Summary Judgment, ECF No. 25, is DENIED.

IT IS SO ORDERED.

DATED this 30th day of September, 2019.

                                                  /s/ Michael J. McShane
                                                    Michael McShane
                                       United States District Judge

---

[3] Plaintiff also raised an argument that he was the named insured under ORS § 742.504(2)(d)(B). However, because Plaintiff is entitled to coverage for the reasons stated within this Opinion and Order, the Court need not address this argument.